# EXHIBIT 1

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| STATE OF MICHIGAN<br>17TH JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | **SUMMONS** | | CASE NO.<br>22- 00064 -NF |

| Court address<br>180 Ottawa Avenue, N.W., Suite 2400, Grand Rapids, MI 49503 | Court telephone no.<br>(616) 632-5480 |
|---|---|
| Plaintiff's name(s), address(es), and telephone no(s).<br>Spectrum Health Hospitals<br>100 Michigan, N.E.<br>Grand Rapids, MI 49503 | Defendant's name(s), address(es), and telephone no(s).<br>Acuity, A Mutual Insurance Company<br>2800 South Taylor Drive<br>P.O. Box 58<br>Sheboygan, WI 53082-0058 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Ryan P. Duffy (P75178)<br>MILLER JOHNSON<br>45 Ottawa Avenue, S.W., Suite 1100<br>P.O. Box 306<br>Grand Rapids, MI 49501-0306<br>(616) 831-1716 | MI Resident Agent:<br>The Corporation Company<br>40600 Ann Arbor Road East, Suite 201<br>Plymouth, MI 48170-4675 |

v

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☒ United States District Court for the Western District of Michigan Court, where it was given case number 20-CB-236 and assigned to Judge Hala Y. Jarbou. The action ☐ remains ☒ is no longer pending.
☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☒ 48th Allegan County Circuit Court, where it was given case number 19-61775-NI and assigned to Judge Robert Kengis. The action ☐ remains ☒ is no longer pending.
☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☒ this court, ☐ _____ Court, where it was given case number 21-03602-NF and was transferred to the United States District Court for the Western District of Michigan Court, where it was given case number 1:21-cv-439 and assigned to Judge Paul Maloney. The action ☒ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>JAN 2 1 2022 | Expiration date<br>MAY 2022 | Court clerk<br>LISA POSTHUMUS LYONS |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)  **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

17323-2516 [O'Connell]

| | **SUMMONS** |
|---|---|
| **PROOF OF SERVICE** | Case No. 22-_____-NF |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☒ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

Sent via certified mail to Acuity, A Mutual Insurance Company & MI Resident Agent The Corporation Service Company. Service on: _____ /Received on: see below. _____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Acuity, A Mutual Insurance Company | 2800 South Taylor Drive<br>P.O. Box 58<br>Sheboygan, WI 53082-0058 | |
| MI Resident Agent:<br>The Corporation Company | 40600 Ann Arbor Road East, Suite 201<br>Plymouth, MI 48170-4675 | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | Tina M. Poling |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | Legal Administrative Assistant |
| | | | | Title |

Subscribed and sworn to before me on _____, Kent _____ County, Michigan.
                                        Date

My commission expires: _____   Signature: _____
                        Date                                    ~~Deputy court clerk~~/Notary public

Notary public, State of Michigan, County of   Kent _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments
_____ on _____
                                    Day, date, time

                           on behalf of _____

Signature

17323-2516 [O'Connell]



## STATE OF MICHIGAN

### IN THE KENT COUNTY CIRCUIT COURT

SPECTRUM HEALTH HOSPITALS,

    Plaintiff,

v

ACUITY, A MUTUAL INSURANCE COMPANY,

    Defendant.

C0004

CASE NO. 2022-_____-NF

HON. _____

---

Ryan P. Duffy (P75178)
MILLER JOHNSON
Attorneys for Plaintiff
45 Ottawa Avenue, S.W., Suite 1100
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1716
duffyr@millerjohnson.com

---

A civil action arising out of the same transaction or occurrence as alleged in the complaint was filed in the United States District Court for the Western District of Michigan, entitled *Cindy S. Mulkerin, et al., v Acuity,* Case No. 20-CB-236 and was assigned to the Honorable Hala Y. Jarbou. The case is closed.

A civil action arising out of the same transaction or occurrence as alleged in the complaint was filed in the 48th Allegan County Circuit Court, entitled *Cindy S. Mulkerin v Ralph Edward Brigss,* Case No. 19-61775-NI and was assigned to the Honorable Robert Kengis. The case is closed.

A civil action arising out of the same transaction or occurrence as alleged in the complaint was originally filed in the Kent County Circuit Court, Case No. 21-03602-NF and was transferred to the United States District Court for the Western District of Michigan, entitled *Spectrum Health Hospital v. Acuity,* Case No. 1:21-cv-439 and is assigned to the Honorable Paul Maloney. This case remains pending.

## COMPLAINT

Plaintiff states:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff Spectrum Health Hospitals ("Spectrum") is a Michigan non-profit hospital corporation conducting business at 100 Michigan Street NE, Grand Rapids, Michigan 49503.

2. Defendant Acuity, A Mutual Insurance Company ("Acuity") is a Wisconsin insurance company with its registered address at 2800 S. Taylor Drive, PO Box 58, Sheboygan, Wisconsin 53082-0058. Its Michigan Resident Agent is The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170-4675.

3. Acuity is licensed to conduct business in Michigan, and continually and systematically conducts business in Kent County, Michigan.

4. This claim involves collection of charges for medical care and treatment provided by Plaintiff to Cindy Mulkerin and a request for declaratory relief as to coverage under an applicable insurance policy.

5. The amount in controversy is greater than $25,000.

6. This claim is within the jurisdiction and venue of this Court.

### GENERAL ALLEGATIONS

7. On January 29, 2019, Cindy Mulkerin sustained accidental bodily injuries in a motor vehicle accident.

8. At the time of the motor vehicle accident, Cindy Mulkerin was entitled to claim benefits under an insurance policy issued by Acuity.

9. Acuity assigned claim number QH4518 to this claim.

## SPECTRUM

10. From July 29, 2021 to August 3, 2021 and from September 1, 2021 to September 4, 2021, Spectrum provided Cindy Mulkerin with medical care and treatment for injuries arising out of the motor vehicle accident.

11. Spectrum's charges for the medical care and treatment provided to Cindy Mulkerin on these dates of service total $109,453.54 (the "Spectrum Charges").

12. The Spectrum Charges are its customary charges for like products, services, and accommodations.

13. The Spectrum Charges are reasonable.

14. On August 6, 2021, August 17, 2021 and November 22, 2021, Spectrum provided Acuity with its billing forms and medical records documenting the care and treatment provided to Cindy Mulkerin and demanded payment of the Spectrum Charges.

15. The principal amount of $109,453.54 remains due and owing to Spectrum from Acuity for payment of the Spectrum Charges.

## COUNT 1 – NO-FAULT MEDICAL BENEFITS (DIRECT ACTION)

16. Plaintiff incorporates the preceding allegations by reference.

17. Under MCL 500.3101 *et seq.*, and the applicable insurance contract, Acuity is liable to Cindy Mulkerin for payment of personal protection insurance benefits, which benefits include coverage for payment of the Spectrum Charges.

18. Plaintiff can maintain a direct action under MCL 500.3112 for all charges.

19. Under MCL 500.3142, Acuity received reasonable proof of the fact and amount of loss as to the Spectrum Charges.

20. Plaintiff is entitled to payment.

3

21. For the identified service dates, the principal amount of $109,453.54 remains due and owing to Spectrum from Acuity.

22. Pursuant to MCL 500.3142, Spectrum is entitled to 12% interest on the Spectrum Charges because Acuity failed to pay the Spectrum Charges within 30 days of receiving reasonable proof of the fact and the amount of the loss.

23. Pursuant to MCL 500.3148, Spectrum is entitled to its reasonable attorney fees because Acuity unreasonably denied or unreasonably delayed payment.

**WHEREFORE**, Spectrum Health Hospitals requests judgment in its favor and against Acuity, A Mutual Insurance Company, in the total principal amount of $109,453.54, plus pre-filing interest, interest under MCL 600.6013, costs under MCR 2.625, interest under MCL 500.3142, attorney fees under MCL 500.3148, and any other relief the Court finds appropriate.

## COUNT 2 – DECLARATORY RELIEF UNDER MCR 2.605

24. Plaintiff incorporate the preceding allegations by reference.

25. MCR 2.605(A)(1) states that, "[i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

26. Under the applicable insurance contract and/or MCL 500.3101 *et seq.*, Acuity is liable for payment of personal protection insurance benefits to cover reasonable charges incurred for Cindy Mulkerin's medical care for injuries sustained in the motor vehicle accident.

27. Under MCL 500.3112, "[p]ersonal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents."

4

28. Plaintiff provided Acuity with their billings and medical records documenting the care and treatment provided by Plaintiff to Cindy Mulkerin.

29. Acuity has failed to pay Plaintiff' outstanding medical Spectrum Charges.

30. Under MCL 500.3142, Acuity was obligated to timely pay the Spectrum Charges. It has failed to do so.

31. The refusal and/or failure of Acuity to timely pay the Spectrum Charges is an actual controversy involving whether the Spectrum Charges are payable for Cindy Mulkerin's care, recovery and rehabilitation under MCL 500.3101 *et seq*.

32. Plaintiff is an interested party in determining that Acuity is responsible for payment of the Spectrum Charges and, in fact, issues payment.

33. This Court has the power under MCR 2.605 to declare that Acuity is responsible for paying the Spectrum Charges to Plaintiff for the benefit of Cindy Mulkerin under MCL 500.3112.

34. Under MCR 2.605(B), "an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment." The amount in controversy is greater than $25,000, this Court otherwise would have jurisdiction over this claim, and therefore jurisdiction is proper under MCR 2.605(B).

**WHEREFORE**, Spectrum Health Hospitals requests judgment in their favor and against Acuity, A Mutual Insurance Company, declaring that:

    a. Cindy Mulkerin sustained accidental bodily injuring arising out of a January 29, 2019 motor vehicle accident;

  b. Plaintiff provided reasonably necessary medical care and treatment to Cindy Mulkerin;

  c. Plaintiff's charges total **$109,453.54**;

  d. Plaintiff charges are reasonable;

  e. Acuity is responsible to provide payment of the Spectrum Charges for the benefit of Cindy Mulkerin to Plaintiff under MCL 500.3112; as well as such additional charges as they may continue to accrue for the care, recovery or rehabilitation of Cindy Mulkerin; and

  f. Any other relief the Court finds appropriate.

## COUNT 3 – MEDICARE SECONDARY PAYER ACT

1. Plaintiff incorporates the preceding allegations by reference.

2. Cindy Mulkerin is a beneficiary of the insurance program for individuals aged 65 or over created under Subchapter XVIII, Health Insurance for Aged and Disabled, of Chapter 7 of Title 42 of the United States Code, commonly known as Medicare.

3. When originally enacted, Medicare was the primary payer of health benefits for Medicare-eligible individuals.

4. In 1980, Congress enacted the Medicare Secondary Payer Act ("MSP"). 42 USC 1395y(b)(3)(A). That act made Medicare a "secondary payer" and designated various other entities—including group health plans, worker's compensation laws or plans, tortfeasors and no-fault insurance—as "primary payers" required to pay a Medicare-eligible individual's medical expenses before Medicare.

5. Paragraph (2) of 42 USC 1395y(b)(3)(A), entitled "Medicare Secondary Payer", instructs when Medicare may or may not pay for medical items and services. Subparagraph (2)(A) defines what constitutes a "primary plan" and prohibits Medicare from

paying when a primary plan has paid or is reasonably expected to pay. Subparagraph (2)(B), in turn, permits Medicare to conditionally pay when a primary plan "has not made or cannot reasonably be expected" to make payment promptly.

6. Because Acuity refused to issue payment, Spectrum submitted a claim for the Spectrum Charges to Medicare, for a conditional payment under the MSP.

7. Medicare has made conditional payment on behalf of its Medicare beneficiary Cindy Mulkerin for professional medical services rendered to Cindy Mulkerin by Spectrum for injuries related to the motor vehicle accident.

8. The MSP provides, "There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A). 42 USC§1395y(b)(3)(A).

9. Acuity is a primary plan under the MSP and is the responsible party for making payments for professional services provided to Cindy Mulkerin.

10. Acuity has failed to provide for primary payment on various dates of service.

**WHEREFORE**, Spectrum Health Hospitals requests judgment in its favor and against Acuity representing double damages in an amount in excess of $25,000.00 together with any other relief which this Court finds to be appropriate.

7

MILLER JOHNSON  
Attorneys for Plaintiff

Dated: January 31, 2022

By   */s/ Ryan P. Duffy*
      Ryan P. Duffy (P75178)
Business Address:
    45 Ottawa Avenue, S.W., Suite 1100
    P.O. Box 306
    Grand Rapids, MI 49501-0306
Telephone: (616) 831-1716